UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MILES D. PARKISON,<br><br>      Petitioner,<br><br>v.<br><br>ROBERT HERZOG,<br><br>      Respondent. | CASE NO. C12-6060 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 16), and Petitioner Miles D. Parkison's ("Parkison") objections to the R&R (Dkt. 32).

## I. PROCEDURAL & FACTUAL BACKGROUND

On December 18, 2012, Parkison filed a 28 U.S.C. § 2254 habeas petition challenging his March 2006 conviction for five counts of first degree robbery and one count of second degree robbery committed in December 2004. Dkt. 5. On February 21, 2013, Resondent Robert Herzog ("Herzog") filed an answer stating that the petition should be dismissed as time barred based on 28 U.S.C. § 2244(d). Dkt. 12. On February 25, 2013, Parkison filed a reply. Dkt. 14. On March 29, 2013, Judge Strombom issued an

ORDER - 1

R&R recommending the Court find that Parkison's federal habeas petition is time barred, dismiss it as untimely, and deny a certificate of appealability. Dkt. 16. On April 11, 2013, Parkison filed objections to Judge Strombom's R&R. Dkt. 17.

## II.  DISCUSSION

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

Upon review of Judge Strombom's decision, the Court finds that her recommendations are based on a thorough review of the record and well-reasoned analysis of the law. Nothing in Parkison's objections demonstrates that Judge Strombom's recommendation is in error.

In his objections, as in his petition, Parkison maintains that he is both "factually and legally innocent of the firearm enhancement" because the State knew the firearm was inoperable during the crimes. Dkt. 17 at 1. He alleges the State tampered with the firearm; the information regarding the tampering was in a police report which was suppressed. *Id*. at 1-2. Therefore, it is impossible for him to present the exonerating evidence. *Id*. at 2. Without citation to the law, he concludes that "volumes of case precedent" indicate that a "factually innocent person cannot EVER be time-barred as it would defeat the underlying purpose of the law . . . ." *Id*.

A.  **28 U.S.C. § 2244(d) One-Year Statute of Limitations**

Mr. Parkison's conviction became final for purposes of federal law on December 15, 2008, the date the United States Supreme Court denied certiorari in his direct appeal. Dkt. 13, Ex. 8B. The 28 U.S.C. § 2244(d)(1) one-year statute of limitations began to run the next day. *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002*); see also Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute then ran for 354 days until Mr. Parkison filed a personal restraint petition.

On December 4, 2009, Parkison filed a personal restraint petition. Dkt. 13, Ex. 9. A properly filed state court application for post-sentence relief tolls the statute of limitations for the time the application remains pending in state court. *See* 28 U.S.C. § 2244(d)(2). This filing tolled the statute of limitations until November 15, 2010, when the Washington Supreme Court denied review. *Id*., Ex. 12. Although the state court waited a year to issue the certificate of finality, the federal statute of limitations was not impacted. *White v. Klitzkie*, 281 F.3d 920, 923 n.4 (9th Cir. 2002) (*citing Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001)) (decision of the Supreme Court of Guam and not ministerial act of entry of the mandate ends statutory tolling). Thus, as Judge Strombom found, the statute of limitations then ran for eleven more days from November 15, 2010, until it expired on November 26, 2010. Dkt. 16 at 5. When Parkison filed a second personal restraint petition on May 16, 2011 (Dkt. 13, Ex. 14), the petition had no tolling effect because the statute of limitations had already run.

On December 8, 2012, over two years after the statute of limitations had expired, Parkison filed his federal habeas corpus petition. Dkt. 5 (*see Patterson v. Stewart,* 251

1  F.3d 1243, 1245 n.2 (9th Cir. 2001)) (under prison "mailbox rule," petition is deemed

2  "filed" for purposes of AEDPA's statute of limitations the moment it is delivered to

3  prison authorities for forwarding to clerk of district court). Therefore, as Judge Strombom

4  found, Parkison's petition is time barred under 28 U.S.C. § 2244 and should be

5  dismissed, absent a showing that equitable tolling is applicable. Dkt. 16 at 6.

6  **B.     Equitable Tolling & Actual Innocence**

7        In neither Parkison's petition nor in his objections does he demonstrate any

8  extraordinary circumstances beyond his control, such as deception, fraud, or error, that

9  made it impossible for him to timely file his petition, and thus make it subject to

10 equitable tolling. *Holland v. Florida,* ––– U.S. –––, 130 S. Ct. 2549, 2560 (2010) (the

11 statute of limitations is subject to equitable tolling); *Laws v. Lamarque*, 351 F.3d 919,

12 922 (9th Cir. 2003) (equitable tolling is available "only when extraordinary

13 circumstances beyond a prisoner's control make it impossible to file a petition on time

14 and the extraordinary circumstances were the cause of his untimeliness"). *Rodriguez-*

15 *Lariz v. INS*, 282 F.3d 1218, 1224-26 (9th Cir. 2002) (equitable tolling applicable during

16 periods when a petitioner is prevented from filing because of deception, fraud, or error, as

17 long as the petitioner acts with due diligence in discovering the same).

18       Parkinson also argues that equitable tolling should apply because he is actually

19 innocent. However, he has failed to show that that actual innocence exception to

20 § 2244(d)(1)'s limitations period would be applicable. The actual innocence standard

21 requires the petitioner to support his claim based on new evidence not presented at trial

22 and to show "it is more likely than not that no reasonable juror would have found

petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). Although Parkinson asserts that he is actually innocent based on the fact that the firearm he had during the time of the crime was "inoperable" and police "tampered with it," which is proven by "suppressed" "police reports" (Dkt. 17 at 1), he presents no new evidence establishing that he is actually innocent of any crime.

Therefore, the Court agrees with Judge Strombom's recommendation that Parkinson's petition is time barred.

### III. ORDER

The Court having considered the R&R, Petitioner's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) This action is **DISMISSED**; and

(3) A certificate of appealability is **DENIED.**

Dated this 9th day of May, 2013.

BENJAMIN H. SETTLE
United States District Judge